

# THE ATTORNEY GENERAL
# OF TEXAS

June 29, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 979
Groveton, Texas   75845

Opinion No.  JM-927

Re:  Whether a County Commis-
sioner may act as surety on a
bail bond for an offense
committed in his county, and
related questions  (RQ-1405)

Dear Mr. Bell:

You ask:

> Whether a county commissioner may act as a surety on a bail bond for a person charged with an offense in his county and permit his property to be pledged as security on such bond.

Subsection (a) of section 81.002 of the Local Government Code provides:

> (a) Before undertaking the duties of the county judge or a county commissioner, a person must take the official oath and swear in writing that the person <u>will not be interested, directly or indirectly, in a contract with or claim against the county</u>. . . . (Emphasis added.)

A bail bond is defined in article 17.02 of the Code of Criminal Procedure as "a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation."

A bail bond has been defined as a contract between the government and the defendant and his surety. <u>See</u>, <u>e.g.</u> <u>Ex parte Vance</u>, 608 S.W.2d 681 (Tex. Crim. App. 1980).  Article

22.02 of the Code of Criminal Procedure delineates the procedure for forfeiture of bail bonds upon failure of the defendant to appear at the appointed time and provides that "judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, the amount of money which they are respectively bound, which shall state that the same will be made final, unless good cause be shown why the defendant did not appear." Article 103.004 of the Code of Criminal Procedure provides that <u>the officer who collects bail bonds and other obligations recovered in the name of the state pay the money to the county treasurer of the county for which the money was collected</u>.

When a county commissioner acts as a surety on a bail bond he enters into a contract making the county the beneficiary if the principal fails to perform. The commissioner's oath of office prohibits him from entering into a contract in which he and the county he serves have an interest.[1]

### S U M M A R Y

A commissioner may not act as a surety on a bail bond for a defendant in which he and the county he serves have an interest.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

---

1. Serving as a surety on a bail bond does not come within the exception to the prohibition of section 81.002 permitting a commissioner to enter into "a contract or claim expressly authorized by law."

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General